# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**TERRI L. SANDLIN,**

    **Plaintiff,**

    **vs.**                      **CIV No. 99-315 JP/LFG**

**ALBERTSON'S INC.,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

On July 6, 1999, Defendant Albertson's Inc. filed a Motion for Partial Summary Judgment (Doc. No. 11). After reviewing the parties' briefs and the applicable law, I conclude that Defendant's Motion is well-taken and should be granted.

## I. LEGAL STANDARD

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "When applying this standard, we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Applied Genetics Int'l., Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. *See Bacchus Indus. Inc. v. Arvin Indus. Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of his or her pleadings. *Id.*

## II. BACKGROUND

Plaintiff Terri L. Sandlin was an employee of Albertson's Inc.'s at their Store 906 in Albuquerque, New Mexico. On December 6, 1997, Joe Bichler, Store Director, suspended Plaintiff allegedly for taking an unauthorized break. Mr. Bichler terminated Plaintiff's employment on December 8, 1997.

On February 6, 1998, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). A checked box on the charge of discrimination indicates that the cause of discrimination is "sex." The narrative section of the charge of discrimination states that Plaintiff was suspended on December 6, 1997, and then discharged on December 8, 1997, for taking a thirty minute break without clocking out; that she was accused of sitting down for thirty minutes the same morning without clocking out; that Plaintiff was discriminated against on the basis of her sex, female, in violation of Title VII of the Civil Rights Act of 1964; and that other similarly situated male employees who take breaks without clocking out are not suspended or discharged. (Charge of Discrimination, Ex. A to Defendant's Memo.)

On December 22, 1998, Plaintiff received a right-to-sue letter from the EEOC. (Dismissal and Notice of Rights, Ex. B to Defendant's Memo.) She filed this action on March 23, 1999, alleging two counts: Count I, Creation of a Hostile Work Environment; and Count II, Discriminatory Termination of Employment. On July 6, 1999, Defendant filed a Motion for Partial Summary Judgment requesting summary judgment in its favor on Count I.

## III. DISCUSSION

Defendant argues that Plaintiff's claim of hostile work environment should be dismissed on the ground that Plaintiff has failed to exhaust her administrative remedies because she did not raise a hostile work environment claim in her EEOC charge of discrimination. Plaintiff contends that she exhausted her administrative remedies by verbally informing the EEOC intake officer of Mr. Bichler's creation of a hostile work environment.

### A. **Exhaustion of Administrative Remedies**

A plaintiff bringing suit under Title VII must first exhaust her administrative remedies. *See Aramburu v. Boeing Co.*, 112 F.3d 1398, 1409 (10th Cir. 1997); *see also Martin v. Nannie and the Newborns*, *Inc.*, 3 F.3d 1410, 1416 n. 7 (10th Cir. 1993) ("As a general rule, where charges are not brought before the EEOC, federal courts are without jurisdiction to hear them."). To exhaust administrative remedies, a plaintiff must timely file a charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e-5(e) and (f)(1) (1994). A charge "shall be in writing and signed and shall be verified." 29 C.F.R. § 1601.9. It must also contain a "clear and concise statement of the facts . . . ." 29 C.F.R. § 1601.12(3). The purpose of requiring a complainant to file a charge of discrimination with the EEOC is "to provide notice of the alleged violation to the charged party, and to provide the [EEOC] with the opportunity to conciliate the claim." *Seymore v. Shawver & Sons, Inc.*, 111 F.3d 794, 799 (10th Cir.), *cert. denied* – U.S. – , 118 S.Ct. 342 (1997).

There is at least one well-established exception to the requirement that a plaintiff must exhaust administrative remedies. If a plaintiff files a complaint in court seeking relief from incidents not included in the EEOC charge of discrimination, "the judicial complaint nevertheless

may encompass any discrimination like or reasonably related to the allegations of the EEOC charge, including new acts occurring during the pendency of the charge before the EEOC." *Brown v. Hartshorne Pub. Sch. Dist. No. 1*, 864 F.2d 680, 682 (10th Cir. 1988) (quoting *Oubichon v. North American Rockwell Corp.*, 482 F.2d 569, 571 (9th Cir.1973)); *see Aramburu*, 112 F.3d at 1409.

In the Tenth Circuit, it appears that there may be a second exception to the exhaustion of administrative remedies requirement. In *Martin v. Nannie and the Newborns, Inc.,* 3 F.3d 1410 (10th Cir. 1993), the Tenth Circuit stated, "[a]ccording to the First, Second, and Fourth Circuits, consideration of complaints not expressly included in an EEOC charge is appropriate where the conduct alleged would *fall within the scope of an EEOC investigation which would reasonably grow out of the charges actually made*." *Id*. at 1416 n.7 (emphasis added). Applying this exception to the plaintiff's judicial complaint, which contained allegations of sexual harassment against two individuals who were not named in plaintiff's complaints to the EEOC and the Oklahoma Human Rights Commission, the Tenth Circuit concluded that the harassment by the two individuals "could reasonably have been expected to come to light in the scope of the

investigation of the complaint filed by [plaintiff]." *Id.* [1]

Since *Martin*, the Tenth Circuit has applied this second exception to the exhaustion rule in at least two unpublished opinions. *See Welsh v. City of Shawnee*, No. 98-6243, 1999 WL 345597, at * 3 (10th Cir. June 1, 1999) ( "[J]udicial considerations of claims 'not expressly included in an EEOC charge is appropriate where the conduct alleged would fall within the scope of an EEOC investigation which would reasonably grow out of the charges actually made.'") (quoting *Martin*, 3 F.3d at 1416 n. 7); *Malone v. MAPCO, Inc.*, No. 91-5073, 1992 WL 26788, at * 1 (10th Cir. Feb. 11, 1992) (stating that an exception to the exhaustion rule is "if the omitted claim 'could reasonably be expected to follow' from the agency's investigation of the charge that was before it.") (citations omitted). Published district court opinions from within the Tenth Circuit have also followed *Martin* and recognized this second exception to the exhaustion rule. *See, e.g., Stephens v. City of Topeka*, 33 F.Supp.2d 947, 950 (D.Kan.1999); *Strub v. Public Service Co. of Col.*, 863 F.Supp. 1352, 1355 (D.Col. 1993).

However, several published opinions from the Tenth Circuit since *Martin* have not

---

[1] In her EEOC complaint and complaint to the Oklahoma Human Rights Commission, the plaintiff had only described harassment and termination by defendant Gudgel. The plaintiff's judicial complaint named Mr. Gudgel as a defendant and alleged that he had harassed her. The plaintiff also alleged that Mr. Clark and Mr. Rothner had harassed her. The Tenth Circuit concluded that the plaintiff's failure to raise allegations of harassment against Mr. Clark and Mr. Rothner in her EEOC complaints did not deprive the court of "jurisdiction to consider the full range of her complaints," because the plaintiff had not alleged separate counts against them. *Id*. Instead, she merely "alleged their harassment as a means to show that the defendant corporations and Gudgel, as the owner of these corporations, had a policy of tolerating and accepting harassment." *Id*. Thus, the Tenth Circuit's ruling did not permit the plaintiff to add new claims or new parties; the court merely held that it had jurisdiction to consider Mr. Clark's and Mr. Rothner's alleged sexual harassment in the context of the plaintiff's sexual harassment claim against the defendants.

acknowledged or applied this second exception to the exhaustion rule. *See, e.g.*, *Simms v. Oklahoma, ex rel. Dept. of Mental Health and Substance Abuse Services*, 165 F.3d 1321, 1327 (10th Cir.) (stating that "[t]his court has adopted a limited exception to the exhaustion rule for Title VII claims when the unexhausted claim is for 'discrimination like or reasonably related to the allegations of the EEOC charage,'" but making no mention of a second exception), *petition for cert. filed*, No. 98-18, 67 USLW 3733 (May 24, 1999); *Aramburu*, 112 F.3d at 1409-10 (considering only whether plaintiff's claim of hostile environment was "reasonably related" to his claim of wrongful discharge without considering whether second exception applies).

The Tenth Circuit's inconsistent application of this second exception to the exhaustion rule may be caused, in part, by confusion over whether it actually is an exception separate from the "like or reasonably related" exception or is merely a part of it. In *Welsh*, which was decided less than two months ago, the Tenth Circuit stated, "[w]e need not decide at this point whether the scope of a reasonable EEOC investigation is a separate exception from the exhaustion rule or simply a part of the process for determining what allegations are reasonably related to claims stated in the charge." *Welsh*, 1999 WL 345597, at * 3 n. 3 (noting that the Seventh Circuit has taken the latter view while the Eighth Circuit has taken the former view). Because of the uncertainty in the Tenth Circuit over the nature and applicability of the "scope of a reasonable EEOC investigation" exception, I will consider whether Plaintiff's claim of hostile work environment comes within either exception.

### B. <u>Plaintiff Failed to Exhaust her Administrative Remedies</u>

Defendant contends that Plaintiff failed to exhaust her administrative remedies regarding her hostile work environment claim because she failed to raise this claim in her EEOC charge of

discrimination, and because her hostile work environment claim is not reasonably related to her claim of discriminatory discharge. Plaintiff apparently concedes that she did not raise her hostile work environment claim in her EEOC charge of discrimination. Her sole argument against dismissal of her hostile work environment claim, then, is that she verbally informed the EEOC intake officer of the facts underlying her hostile work environment claim and she should not be penalized for the EEOC intake officer's failure to include this claim in her charge of discrimination.[2] (Plaintiff's Affidavit, Ex. D to Plaintiff's Resp.)

> 1. *Whether Plaintiff verbally informed the EEOC intake officer of her hostile work environment claim is irrelevant in determining whether Plaintiff exhausted her administrative remedies.*

There is no merit to Plaintiff's argument that "she should be deemed to have preserved" her hostile work environment claim because she informed the EEOC intake officer of Mr. Bichler's alleged sexual harassment. (Resp. at 4.) As discussed, *supra*, to exhaust administrative remedies under Title VII, a plaintiff must first file a charge of discrimination with the EEOC that is "in writing and signed and [ ] verified." 29 C.F.R. § 1601.9. It must also contain a "clear and

---

[2] Plaintiff cited two cases to support her position, *Aramburu* and *Gunnell v. Utah Valley State College*, 152 F.3d.1253, (10th Cir. 1998). As discussed *infra*, *Aramburu* actually militates in favor of dismissing Plaintiff's sexual harassment claim. Plaintiff also appears to have misread *Gunnell*, which is of no assistance to her. In *Gunnell*, the Tenth Circuit considered whether the plaintiff had exhausted her administrative remedies regarding her sexual harassment claim. The court examined the plaintiff's original administrative charge of discrimination and determined that it did *not* allege a claim of sex discrimination because "[a] reasonable reader would understand that [plaintiff's] mention of sex discrimination was merely a prelude, an explanation leading up to the gist of her complaint of retaliation." *Id*. at 1260. However, because the plaintiff had filed a *supplement* to her administrative charge of discrimination that complained of sexual harassment, the Tenth Circuit concluded that the plaintiff had exhausted her administrative remedies and the district court had erred in granting summary judgment for the defendant. *Id*. *Gunnell* is obviously distinguishable from this case because here Plaintiff never filed a supplement to her charge of discrimination that might have satisfied the statutory prerequisites for filing a Title VII sexual harassment claim.

concise statement of the facts . . . ." 29 C.F.R. § 1601.12(3).  Here, Plaintiff's charge of discrimination omits any reference to a hostile work claim for Mr. Bichler's alleged overscrutiny of Plaintiff's work, (Charge of Discrimination, Ex. A. to Defendant's Memo.), as does the affidavit Plaintiff submitted to the EEOC.  (EEOC Affidavit, Ex. D to Defendant's Reply.)If Plaintiff intended to include a charge of hostile work environment, she should have revised or amended her EEOC charge of discrimination before signing it.[3]

The EEOC Request for Information sent to Defendant also fails to mention any claim for hostile work environment.  (Request for Information, Ex. C to Defendant's Reply)  Thus, it is clear that Defendant had no notice of Plaintiff's allegations of sexual harassment.  To permit Plaintiff to now assert such a claim would be unfair to the Defendant and contravene "the purposes of the requirement of filing a charge with the [EEOC]--to provide notice of the alleged violation to the charged party, and to provide the [EEOC] with the opportunity to conciliate the claim." *Seymore*, 111 F.3d at 799.

My conclusion comports with other district court opinions addressing exactly this issue. *See Mawson v. U.S. West Business Resources, Inc.*, 23 F.Supp.2d 1204 (D.Colo. 1998); *Cline v. General Elec. Credit Auto Lease, Inc.*, 748 F.Supp. 650 (N.D.Ill. 1990).  In *Mawson* the court held that the plaintiff's "contention that he told the EEOC intake officer about his earlier complaints of sexual harassment and that she failed to include them in the Charge [of Discrimination] is insufficient to satisfy the prerequisite of notice either to the agency or to the

---

[3] Plaintiff actually revised the Affidavit she submitted to the EEOC, (EEOC Affidavit, Ex. D to Defendant's Reply), which demonstrates Plaintiff's ability to revise and correct her EEOC submissions.  Also, Plaintiff's revised EEOC Affidavit does not allege creation of a hostile work environment.

Defendants." *Mawson*, 23 F.Supp.2d at 1217. The court also noted that the plaintiff had the "opportunity to review and amend his Charge and failed to do so." *Id*.

In *Cline*, the district court also dismissed the plaintiff's claim for failure to exhaust her administrative remedies.

> Ms. Cline's only argument for allowing her ADEA claim to stand is that she *mentioned* age discrimination in her initial interview with the EEOC. While the ADEA's charge-filing requirements are flexible, at a minimum, the complaining party must reduce her objections to *writing*. It is undisputed that Ms. Cline did that only when she read and signed the formal charge in March 1989, and it is that charge which determines the claims which she may maintain in this court.

*Cline*, 748 F.Supp. at 653 (footnotes omitted) (emphasis in original). *Cline* and *Mawson*, then, both support the conclusion that whether Plaintiff verbally informed the EEOC officer of Mr. Bichler's alleged sexual harassment is irrelevant in determining whether she exhausted her administrative remedies. The remaining issue is whether either of the two exceptions to the exhaustion requirement apply.

    2. *Plaintiff's claim of hostile work environment is not "like or reasonably related" to her claim of discriminatory termination*

Several cases from the Tenth Circuit provide guidance in determining whether Plaintiff's hostile work environment claim is "like or reasonably related" to her discriminatory discharge claim. In *Aramburu*, the plaintiff filed an administrative charge of discrimination alleging only wrongful discharge. He then filed a judicial complaint under Title VII alleging wrongful discharge, discriminatory denial of transfer, and hostile work environment on account of his ancestry and disability. *Aramburu*, 112 F.3d at 1409. The plaintiff argued "that his hostile environment claim is reasonably related to his wrongful discharge claim simply because all of

[plaintiff's supervisor's] conduct is related." *Id*. The Tenth Circuit rejected this argument. "[[U]nderlying [plaintiff's] wrongful discharge claim are his allegations that [plaintiff's supervisor] manipulated his attendance records and refused to grant him leave to excuse some of his absences out of discrimination. In contrast, his hostile environment claim is based on his allegations that [plaintiff's supervisor] harassed him and required him to work beyond his medical restrictions." *Id.* at 1409-10. *See also Welsh*, 1999 WL 345597, * 3 ("Because her harassment claims are based on completely different allegations from her gender discrimination claim, the two types of claims are not reasonably related."); *Malone*, 1992 WL 267888, * 1 ("[W]e hold that plaintiff's sexual harassment claim is not reasonably related to her claims of discriminatory discharge based on race, sex, and age . . . ."); *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994) (holding that plaintiff's claim of sex discrimination based on transferring her sales route was not reasonably related to plaintiff's EEOC charge of sexual discrimination based on paying clients' insurance premiums, and stating, "the EEOC charge and the complaint must, at a minimum, describe the *same conduct* and implicate the *same individuals*") (emphasis in original).

In Plaintiff's EEOC charge of discrimination, she alleged that Mr. Bichler suspended and terminated her for taking unauthorized breaks, or not "clocking out," although he did not discipline other male employees for doing so. In contrast, Plaintiff's claim of hostile work environment is based on the assertion that Mr. Bichler overscrutinized her work, which required her to put in extra hours. As in *Aramburu*, then, the only commonality between Plaintiff's charge of discrimination alleging discriminatory discharge and her judicial complaint alleging hostile work environment is that both involve alleged conduct by Mr. Bichler. Under the Tenth Circuit's ruling in *Aramburu*, Plaintiff's "wrongful discharge allegations are not reasonably related to the hostile

environment allegations." *Aramburu*, 112 F.3d at 1410; *see Welsh*, 1999 WL 345597, * 3; *Malone*, 1992 WL 267888, * 1; *Cheek*, 31 F.3d at 501.

   *3. Plaintiff's claim of hostile environment is not within the scope of a reasonable EEOC investigation*

Courts have varied in their interpretation of how to apply this exception. Some courts have suggested that if the EEOC actually conducted an investigation into the plaintiff's administrative charges, then the inquiry into whether a claim could reasonably be expected to flow from the EEOC's investigation of the administrative charges is defined by the scope of the actual investigation. *See, e.g., Hubbard v. Rubbermaid, Inc.,* 436 F.Supp. 1184, 1193 (D.Maryland 1977) ("The EEOC's reasonable investigation of the original charges . . . was limited to [ ] three specific areas of Rubbermaid's employment practices [wages, benefits, and terms and conditions] and delimits the scope of this action."); *see also* 4 LEX K. LARSON, EMPLOYMENT DISCRIMINATION ¶ 76.06[1][e] ("[I]f an investigation has actually been conducted, most courts hold that the scope of the complaint is limited to the actual scope of the [EEOC's] investigation.").

Other courts, such as the Ninth Circuit, have taken a different position. *See Sosa v. Hiraoka*, 920 F.2d 1451,1456 (9th Cir. 1990) ("In short, the jurisdiction for [plaintiff's] court action is not limited to the actual EEOC investigation, but can include the scope of an '"EEOC investigation which can *reasonably be expected* to grow out of the charge of discrimination.'"") (citations omitted) (emphasis in original). However, it is difficult to determine the scope of an EEOC investigation that can reasonably be expected to grow out of an administrative charge of discrimination "because it requires speculation as to what the EEOC might or might not discover

-11-

in the course of an investigation." *Cheek*, 31 F.3d at 500. For this reason, it may be more prudent for the courts to first turn to the actual scope of an EEOC investigation, if one was done, before engaging in speculation about what might have been done in an EEOC investigation. Because the Tenth Circuit has yet to address this issue squarely, s*ee, e.g., Martin*, 3 F.3d at 1416 n.7; *Welsh*, 1999 WL 345597, * 3, I will consider both the scope of the actual investigation performed by the EEOC in this case and the scope of a hypothetical EEOC investigation that could reasonably have been expected to grow out of Plaintiff's EEOC charge of discrimination regarding discriminatory discharge.

### a. Scope of Actual EEOC investigation

Here, the record establishes that the EEOC actually investigated Plaintiff's charge of discrimination. The "Dismissal and Notice of Rights" letter sent from the EEOC to Plaintiff on December 22, 1998, which appears to be a form letter, states that the "EEOC is closing its file on this charge [because] . . . . Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes."[4] (Dismissal and Notice of Rights, Ex. B to Defendant's Memo.) The Dismissal and Notice of Rights does not specifically identify the claims alleged in Plaintiff's EEOC charge of discrimination or the scope of the EEOC's actual investigation. Nothing in this letter indicates, however, that the EEOC investigated any claim of hostile work environment. As discussed, this claim was not included in Plaintiff's EEOC charge of discrimination, (Charge of Discrimination, Ex. A to Defendant's Memo.), or in the affidavit Plaintiff submitted to the EEOC, (EEOC Affidavit, Ex. D to Defendant's Reply). Moreover, the

---

[4] Although "statutes" is plural here, this does not appear to be significant because the Dismissal and Notice of Rights is clearly a form letter. The parties do not dispute that Plaintiff's claims for discriminatory discharge and sexual harassment both fall under Title VII.

Request for Information sent by the EEOC to Defendant stated only that Plaintiff alleged she was suspended and discharged for taking an unauthorized break when other male employees were not; nothing in the Request for Information refers to a hostile work environment claim for Mr. Bichler's alleged overscrutiny of Plaintiff's work. (Request for Information, Ex. C to Defendant's Reply.)

In short, Plaintiff has submitted no documents suggesting that the EEOC actually investigated her claim of hostile work environment. Nor did she make this argument in her Response. Therefore, there is no reason to believe the EEOC actually investigated Plaintiff's claim of hostile work environment.

    b. Scope of an EEOC investigation that could reasonably be expected to grow out of Plaintiff's EEOC charge of discrimination

In *Martin*, the Tenth Circuit concluded that the plaintiff's harassment by two other employees "could reasonably have been expected to come to light in the scope of the investigation of the complaint filed by" plaintiff, which alleged that the defendant corporation and its owner "had a policy of tolerating and accepting harassment." *Martin*, 3 F.3d at 1416 n.7. In *Welsh*, the Tenth Circuit concluded that plaintiff's claim of sexual harassment made against one individual was founded on "completely different allegations" from those underlying plaintiff's claim of gender discrimination asserted against another individual for failure to promote. *Welsh*, 1999 WL 345597, * 3 (ruling that a reasonable investigation of plaintiff's claim of gender discrimination for failure to promote would not reveal any facts regarding plaintiff's sexual harassment claims). Finally, in *Malone*, the Tenth Circuit held without much discussion that "plaintiff's sexual harassment claim . . . could not reasonably be expected to follow from the EEOC's investigation

of her initial charges" of discriminatory discharge based on race, sex, and age. *Malone*, 1992 WL 26788, * 1.

As discussed, *supra*, Plaintiff's claim that Mr. Bichler sexually harassed her by overscrutinizing her work involves allegations separate and distinct from her claim that Mr. Bichler suspended and discharged her for taking an unauthorized break when male employees routinely did so without punishment. An investigation that could reasonably be expected to grow out of Plaintiff's discriminatory discharge claim would involve an investigation into Plaintiff's suspension and discharge; whether other male employees took unauthorized breaks, and, if so, whether they were suspended or discharged for such actions; and perhaps whether other female employees were suspended or discharged for violating work rules when other male employees were not. It is not reasonable to expect that Plaintiff's charge of discriminatory discharge would prompt EEOC investigators to widen the scope of their investigation to encompass Plaintiff's claim that Mr. Bichler overscrutinzed her work.

Consequently, this case is distinguishable from *Martin* and is more similar to *Welsh* and *Malone*. Because Plaintiff's claim of discriminatory discharge involves "completely different allegations" from her hostile work environment, *Welsh*, 1999 WL 345597, * 3, I conclude that "[P]laintiff's sexual harassment claim . . . could not reasonably be expected to follow from the EEOC's investigation of her initial charges" of discriminatory discharge based on sex. *Malone*, 1992 WL 26788, * 1; *Welsh*, 1999 WL 345597, * 3.

IT IS THEREFORE ORDERED that Defendant's Motion for Partial Summary Judgment (Doc. No. 11) is GRANTED and Plaintiff's claim of hostile work environment will be dismissed.

_____
UNITED STATES DISTRICT JUDGE